[No. 6520.]
## CATE *v.* SANFORD ET AL.

PRIVATE WATER DITCH.—An irrigating ditch, constructed, repaired and controlled by two or more persons, does not cease to be private property because the several persons interested in it have not accurately defined their rights therein, or in the waters flowing in it, nor because they have, by election, selected a person to distribute the water among them.

SAME—DEDICATION TO PUBLIC USE.—Such a mode of constructing and managing a ditch, though the irrigators be numerous, does not operate as a dedication to the public.

SAME—STATUTE, CONSTRUCTION OF.—Held, accordingly, that such a ditch came under the exception in the 6th section of " An Act to provide for and regulate irrigation in the Township of Los Nietos, in the County of Los Angeles." (Stat. 1877–8, p. 374.)

APPEAL from a judgment for defendant in the Seventeenth District Court, County of Los Angeles. McNEALY, J.

The Court found, with reference to the ditch referred to in the opinion, and other ditches from the same water source, " that since the construction of the said ditches respectively, as persons have bought and cultivated lands capable of irrigation therefrom, the same have, with the consent of all the parties, been constructed down to and upon such lands, and the same have been irrigated therefrom, the new parties contributing in

the same manner towards the repair and expenses thereof as the original constructors, and taking like part in their respective management and control, and in all respects exercising the same rights"; and " that the distribution of the waters on the said ditches has been regulated by the informal election of a water-master for each respective ditch, by the irrigators therefrom."

The other facts are stated in the opinion.

*Bicknell & White*, and *Thom & Ross*, for Appellants.

The rights of plaintiffs in the ditches in question are private and fall within the provisions of sec. 14 of the act, and within the exception specified in sec. 6. (*Gardner* v. *Newburgh*, 2 Johns. Ch. 162, and note to same case 7 Am. Dec. 530; *Commissioners* v. *Kempshall*, 36 Wend. 413; *Van Sickle* v. *Haines*, 7 Nev. 249; *Cary* v. *Daniels*, 5 Met. 236; *Shamleffner* v. *Peerless Mill Co.*, 18 Kan. 24; Angell on Water-courses, § 5.)

A stream may be diverted for irrigation. (*Crandall* v. *Woods*, 8 Cal. 140; *Busey* v. *Allen*, 8 Mass. 136; *Evans* v. *Merriweather*, 3 Scam. 493; Angell on Water-courses, § 128.) No power in the State can legally confer a right to interfere with property of another. (Potter's Dwarris, 437; *Wyndham* v. *People*, 13 N. Y. 434.) The interference cannot be justified as an exercise of the police power. (Potter's Dwarris, 444.)

*Howard, Brousseau & Howard*, and *J. B. Holloway*, for Respondents.

1. The Legislature has power to provide for the control of the water system of the township as an exercise of police power. (Cooley Cons. Lim. 572, 593–84; *Varick* v. *Smith*, 5 Paige, 136; Washburn on Easements, 501; *Commonwealth* v. *Alger*, 7 Cush. 53, 81.) " Only to the prince and to no one else belongs the right to distribute the waters." (Reglamento General of 1771, Tierras y Aguas, p. 157.) Water rights generally are essentially *publici juris*. (*Jonson* v. *Jordan*, 2 Met. 234; *Embry* v. *Owen*, Eng. L. & Eq. vol. 4, p. 466.) The San Gabriel River

is a public water-course. (Justinian Dig. 43, tit. 12 and 13; Angell, 131-2; *Escriche Verbi, Agua, Acequia, Rio.*) The ditches in question are public within the purview of the statute. They are neighborhood ditches, and not owned, neither the ditches nor the easements, by any one.

By the COURT:

The plaintiff is, and for more than ten years last past has been, the owner in fee and in possession of a tract of land forming a part of the Rancho Ranchito, situated in Los Nietos Township, in the County of Los Angeles, and bounded on one side by the San Gabriel River. About the year 1868, he, together with sixteen other owners of separate tracts of land upon that rancho, constructed the ditch in controversy, called the "Cate Ditch," by which they conducted water from the river San Gabriel upon their several tracts of land, for the purpose of irrigating the same; and he and they have continued to use the ditch for that purpose, from that time up to June, 1878, when the defendants took the exclusive possession of the ditch and the waters therein flowing.

The expenses of the construction and repair of the ditch have been borne by the respective parties, in proportion to the quantity of land irrigated by them. Other persons, desiring to irrigate their lands, have continued the ditch to and upon their respective tracts of land, and they have contributed to the construction and repairs in the same manner, and have had the same management and control of the ditch, as those who originally constructed it. The distribution of the waters has been regulated by a water-master, elected by those who irrigated from the ditch.

The plaintiff seeks to enjoin the defendants from assuming the possession or control of the ditch, or the water flowing in it, or in any manner interfering with the same.

The defendants justify their possession and control of the ditch and water, under the provisions of the Act of March 20th, 1878, entitled "An Act to provide for and regulate irrigation

in the township of Los Nietos, in the County of Los Angeles, (Stats. 1877–78, p. 374) under which they were appointed Water Commissioners and Overseers of the Los Nietos Irrigation District. The sixth section of the act provides, that the Commissioners " shall proceed to take possession of and control of all the water-courses, ditches, dams, aqueducts, flumes, reservoirs, and irrigating structures and works in said district, (except such as are owned by private parties, or by companies or corporations legally organized under the laws of this State) and shall determine the amount of water which shall be given and used as an irrigating head, and cause the same to be measured and distributed to the irrigators; to use all means to cause the water of said district to be utilized to the best interest of the irrigators." Power is conferred upon the Commissioners to acquire by conveyance, or by actions for condemnation, rights of way for ditches, dams, reservoirs, and canals; and the act contains many provisions in aid of the above mentioned powers.

The Court found as a conclusion of law, that the ditch was a " neighborhood and *quasi* public " ditch, and was not owned by private persons, within the meaning of the above mentioned act. An irrigating ditch, constructed, repaired, and controlled by two or more persons, does not cease to be private property and become public property, because the several persons interested in it have not accurately defined their respective rights therein or in the water flowing in it, nor because they have, by election or otherwise, selected a person to distribute the water among those who have contributed to the construction and maintenance of the ditch, nor for both of those reasons combined. No principle of law has been cited, by virtue of which that mode of construction and management of such a ditch and its waters would operate as a dedication of the ditch or its waters to the public. They have not been expressly granted to the public; and if they have not been dedicated to public use, they remain private property. In our opinion the case falls within the exception mentioned in the sixth section of the act—that the ditch is private property.

But if the ditch is only a *quasi* public ditch, it must, to some

extent and in some measure, be a private ditch; for the qualification given necessarily implies that it is not entirely a public ditch, and that private parties own some right, title, or interest therein; and if that be so, they cannot be deprived of such right, title, or interest, by the summary process of taking possession of the ditch, adopted in this case.

The facts found by the Court entitle the plaintiff to the relief prayed for in his complaint.

Judgment reversed and cause remanded, with directions to the Court below to order the injunction to issue as prayed for in the complaint. Remittitur forthwith.